**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN TOPEGG TECHNOLOGY CO., LTD, )<br>)<br>       Plaintiff, )<br>v. )<br>)<br>HAOCHEN LU, )<br>)<br>       Defendant. ) | Case No. 1:24-cv-6782 |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Shenzhen Topegg Technology Co., Ltd. ("Plaintiff"), against Defendant Haochen Lu ("Defendant"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This court has original jurisdiction over the subject matter of this action pursuant to the Patent Act, 35 U.S.C.§§ 101, 102, 103 et seq., pursuant to 28 U.S.C.§§ 1331, 1332(a) and (c), 1338(a), and pursuant to the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202.

2. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Plaintiff has not infringed U.S. Patent No. D1,033,140 ("the '140 Patent") issued on its face to the Defendant, including any of Defendant's predecessors and/or successors in interest, directly, contributorily, or vicariously.

3. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that the '140 Patent is invalid under at least 35 U.S.C. §§ 102 and 103.

4. This action arises from Defendant's inequitable procurement of the '140 Patent

out of Plaintiff's product design that has been on sale and in public use for years and attempt to enforce the '140 Patent against the Plaintiff's product for patent infringement. Defendant has communicated to Plaintiff that it believed Plaintiff's product was infringing the '140 Patent and threatened to request that e-commerce vendors such as Amazon remove Plaintiff's product to hinder sales of Plaintiff's products in the United States. The common practice of e-commerce vendors, such as Amazon, leads Plaintiff to believe that, if the Defendant makes such takedown requests, Plaintiff's product would be removed from the market, which could lead to the total annihilation of Plaintiff's business in the United States.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

6. An actual case or controversy exists between the parties to this action. Defendant inequitably procured the '140 Patent out of Plaintiff's product design, knowing that Plaintiff's product has been on sale and in public use for years. Defendant communicated to Plaintiff that he believed Plaintiff's product was actively infringing the '140 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

7. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant, because the Defendant directly targeted Plaintiff's business activities toward consumers in the United States, including the Northern District of Illinois, through at least the fully interactive, e-commerce stores known as Amazon, Tiktok, and Temu. *SnapRays, LLC v. Lighting Def. Grp. LLC*, No. 2023-1184 (Fed. Cir. May 2, 2024). Specifically, Plaintiff's product is sold throughout the United States, including to

residents of Illinois and Defendant targeted those sales. by threatening to request Amazon's removal of Plaintiff's listings, Defendant knew it would impact Plaintiff's sales nationwide, and in Illinois. In fact, this was the injury Plaintiff intended to create for the purpose of demanding payment from Plaintiff. For all of these reasons, Defendant is engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## THE PARTIES

8. Plaintiff is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located at Haiyuan Innovation Center, No. 8 Fu'an Avenue, Hehua Community, Pinghu Street, Longgang District, Shenzhen City, China.

9. On information and belief Defendant Haochen Lu is an individual residing in the People's Republic of China. Defendant's mailing address is listed with the United States Patent and Trademark Office ("USPTO") as "Unit 2013, Building 2, International Huafu Garden No. 533 Jinxiang Road, Cangshan District Fuzhou China 350000" and its correspondence address is registered with the USPTO as "187635 - Ricky Lam - Way Insight PO Box 320769, San Francisco, CA United States."

## FACTUAL BACKGROUND

10. Plaintiff sells vacuum tumblers with handles and leak-proof lids with straws that fit into standard automobile cupholders. Plaintiff's vacuum tumbler products are sold under the brand name of Meoky via various e-commerce vendors, such as Amazon, Tiktok, and Temu.

11. Plaintiff's vacuum tumbler is popular due to its distinguished design having a larger top and a tapered bottom shape that allows the tumbler to be used in standard automobile cup holders, and the addition of a fitted lid with a straw and a handle for ease of

use. Plaintiff's cup has the following appearance:



12.     Plaintiff designed the vacuum tumbler along with its affiliate, and supplier Guangdong WoodSun Housewares Co., Ltd. ("WoodSun").  In July 2022, WoodSun filed a utility model patent application at the Chinese patent office covering the vacuum tumbler at issue. On October 28, 2022 the patent was subsequently issued as Chinese Patent No. CN 217659138U ("CN '138 Patent"). A true and correct copy of the Chinese Patent and translation of the patent is attached hereto as Exhibit 01. The perspective view of the CN '138 Patent is shown below:



13. Over the last two years, Plaintiff sold vacuum tumblers manufactured by WoodSun worldwide through various online commerce channels, including Amazon, TikTok, and Temu. An exemplary listing of Plaintiff's Meoky product listing can be found at https://www.amazon.com/dp/B0BCJM9G7P/ref=twister_B0CTQRN3ZP.

14. The screenshot below of Plaintiff's Meoky product listing shows it has been sold in America on Amazon.com as early as August 31, 2022. Since then, Defendant has sold a great number of vacuum tumblers and enjoyed significant financial success from this product.

| Manufacturer | Meoky |
|---|---|
| Size | 40oz |
| Item Weight | 1.46 pounds |
| ASIN | B0BCJL1827 |
| Item model number | HU-XI-201 |
| Customer Reviews | 4.6 ★★★★☆   9,705 ratings  4.6 out of 5 stars |
| Best Sellers Rank | #455 in Kitchen & Dining (See Top 100 in Kitchen & Dining) #3 in Insulated Cups & Mugs |
| Date First Available | August 31, 2022 |

5

15. The worldwide financial success of Plaintiff's vacuum tumbler attracted buyers to visit and source the product for redistribution. On information and belief one such potential buyer was Defendant Haochen Lu. On or about August 11, 2023, Defendant visited Plaintiff's office in Shenzhen and toured Plaintiff's show room with the vacuum tumbler on display. Plaintiff also provided Defendant with samples of the subject product for close inspection and detailed information regarding its design, distribution and sales.

16. Defendant, however, was not a good faith buyer. On information and belief, Defendant sought to claim ownership of Plaintiff's vacuum tumbler design despite knowing Plaintiff designed and sold the product worldwide for years.

17. On information and belief, on August 31, 2023, Defendant filed design patent applications covering the exact design of the vacuum tumbler in the United States, China, and the United Kingdom, naming himself as the inventor to the design. All three applications were subsequently issued as patents.

18. A copy of United States design patent (the '140 patent), issued to the Defendant, is attached hereto as Exhibit 02 The filling date of the '140 Patent's is August 31, 2023. The date of issue is July 2, 2024. The perspective view of the '140 Patent is shown as below:



FIG. 1

19. On information and belief, Defendant, through and/or with his counsel, also committed inequitable conducts to the USPTO during prosecution of the '140 Patent. A copy of the prosecution history of the '140 Patent is attached hereto as Exhibit 03.

20. When filing the U.S. application for the '140 Patent, Defendant through his counsel represented to the USPTO that a search was performed in order to request expedited examination. *See* Exhibit 03, p. 152. Defendant, however, only disclosed one piece of prior art to the USPTO that discloses a cup design apparently different from the claimed design. On information and belief Defendant concealed his knowledge about prior use/sale of Plaintiff's vacuum tumbler product and his knowledge of Plaintiff's prior filed Chinese patent to the USPTO, despite of his duty of candor. Both would have been information material to patentability of the '140 Patent.

21. Defendant also certified to the USPTO that he qualified for a micro-entity status, resulting in an 80% reduction in the fees due to the USPTO. *See* Exhibit 03, p. 122. However, on information and belief, the Defendant does not qualify for micro entity status because he does not meet the Gross Income Limit on Applicants and Inventors and/or the Gross Income Limit on Parties with an "Ownership Interest."

22. Upon inequitably obtaining the U.S. '140 patent, Defendant began tortuously enforcing the patent rights against Plaintiff's vacuum tumbler product, knowing his patents were in fact derived from that very product that was on the market for years.

23. On information and belief, in July 2024, shortly after the '140 Patent was issued, Defendant accused Plaintiff of infringing his '140 Patent and threatened to request e-commerce service providers (*e.g.* Amazon, Tiktok, and Temu) to remove Plaintiff's vacuum tumblers if Plaintiff did not pay a ransom to settle the dispute. Upon information and belief,

7

Defendant knew that removal of Plaintiff's listings would cause significant financial harm to Plaintiff.

24. However, as discussed above, the '140 Patent, was not the first worldwide disclosure of the vacuum tumbler. Plaintiff's product had already been patented as CN '138 Patent and had been on sale or otherwise available to the public before the '140 Patent's filing date.

25. The '140 Patent is invalid at least because its design is anticipated or rendered obvious by Plaintiff's product as and the CN '138 Patent. In fact, the '140 Patent is an exact copy of Plaintiff's product/design. that predates its filing date. Comparisons between the design claimed in the '140 Patent with Plaintiff's Moeky vacuum tumbler product and the design claimed in the CN '138 Patent are shown below:



| Design in the '140 Patent | Plaintiff's Moeky product |
|---|---|

| Design in the '140 Patent | Plaintiff's Moeky product |
|---|---|
|  | |

| Design in the '140 Patent | Prior art design in the CN '138 Patent |
|---|---|
|  | |

9



26. Additional prior art exist that anticipate or render obvious the '140 Patent. For example, Chinese Patent, No. CN 308093867S ("CN '867 Patent"), filed on March 21, 2023 and published on June 23, 2023 has also disclosed all the claimed designs of the '140 Patent. A true and correct copy of the Chinese Patent and translation of the patent is attached hereto as Exhibit 04. A comparison between the design claimed in the '140 Patent with the CN '867 Patent is shown below:



27. As such, Plaintiff is seeking a declaratory judgment that it does not infringe Defendant's '140 Patent as the '140 Patent is invalid and/or unenforceable based on 1) prior use and sale of the vacuum tumblers by Plaintiff; 2) Plaintiff's issued CN '138 patent; 3) other prior art, such as the '867 patent; and 4) improper inventorship. Further, it is impossible for Plaintiff to infringe the '140 Patent because Plaintiff was the actual inventor, not Defendant.

## COUNT I
### (Declaration of Invalidity of U.S. Patent No. D1,033,140)

28. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

29. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

30. There exists an actual and justiciable controversy between Plaintiff and Defendant with respect to the alleged validity of the '140 Patent because 1) there has been prior use and sale of the vacuum tumblers by Plaintiff; 2) Plaintiff's CN '138 Patent preceded the '140 Patent and disclosed the vacuum tumbler; 3) other prior art, such as the CN '867 patent, also predates the '140 Patent; and 4) and Defendant cannot assert he is the true inventor of the invention disclosed in the '140 Patent because he derived it fully from Plaintiff.

31. Plaintiff has been selling its vacuum tumblers worldwide for at least two years, thus the '140 Patent should have been barred by these prior sales and prior public use.

32. Plaintiff's design was the subject of the CN '138 Patent filed July 6, 2022 and issued October 28, 2022, prior to the August 31, 2023 filing of Defendant's US patent '140. The CN '138 Patent discloses identical subject matter. On information and belief Defendants

12

were aware of Plaintiff's Chinese patent prior to filing suit.

33. Other prior art, such as the CN '867 patent, which was published June 23, 2023, and discloses identical subject matter also predates Defendant's US filing of patent '140 on August 31, 2023.

34. Defendant should not have been able to file its design patent application in the United States because Defendant is the incorrect inventor. Plaintiff invented the vacuum tumbler at an earlier time and Defendant was aware of Plaintiff's product. Because inventorship is not correct the patent is invalid.

35. In the view of the foregoing, Plaintiff is entitled to a judgment declaring that the '140 Patent is invalid under at least 35 U.S.C. §§ 102 and 103, and for incorrect inventorship.

## COUNT II
**(Declaration of Non-infringement of U.S. Patent, No. D1,033,140)**

36. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

37. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

38. Defendant accused Plaintiff of infringing the '140 patent with the sale of its vacuum tumbler and has threatened to demand e-Commerce vendors remove online listings of Plaintiff's vacuum tumbler to remove the products from their platform.

39. There is an actual, present, substantial, and justiciable controversy between Plaintiff and Defendant, which has adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

40. Plaintiff's vacuum tumbler was invented, sold, and the patent was filed in

China prior to the filing of Defendant's patent, and on information and belief Defendant was aware of this when he filed at the USPTO. Plaintiff cannot be liable for infringing a patent that was inequitably obtained by another on a product design of Plaintiff's own. As such, Plaintiff cannot be found to infringe Defendant's patent.

41. Due to its prior commercial use of the product design in question, Plaintiff is also entitled to the prior use defense provided under 35 U.S.C. § 273.

42. Plaintiff seeks a declaratory judgment that Plaintiff is not infringing, has not infringed and is not liable for infringing the '140 Patent.

## COUNT III
**(Declaration of Unenforceability of U.S. Patent, No. D1,033,140)**

43. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

44. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

45. As described above, Defendant was given samples of Plaintiff's vacuum tumblers prior to filing for a patent on the design in the United States. The inventorship of Defendant's patent is incorrect.

46. Additionally, as Defendant knew about prior sales and patent filing of the CN '138 Patent Defendant violated his duty of disclosure with the USPTO under 37 C.F.R. § 1.56 ("Rule 56") which requires disclosure to the USPTO of information material to patentability of a product.

47. In prosecuting the '140 Patent Defendant committed inequitable conduct by 1) knowingly concealing the public use and sale of Plaintiff's vacuum tumblers; 2) concealing the CN '138 Patent covering Plaintiff's product; 3) signing a declaration to the USPTO that he

was the true inventor; and 4) certifying a micro entity status while not qualifying for one.

48. There is an actual, present, substantial, and justiciable controversy between Plaintiff and Defendant, which has adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49. Defendant's inequitable conduct in prosecuting the '140 Patent makes this an exceptional case within the meaning of 35 USC § 285 such that Plaintiff should be awarded attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For judgment in favor of Plaintiff against Defendant on all claims.

2. Declaring that Plaintiff's vacuum tumbler does not infringe the '140 Patent.

3. Declaring that Defendant's '140 Patent is invalid.

4. Declaring that Defendant's '140 Patent is unenforceable.

5. Finding that this case is exceptional and ordering the Defendant to pay all Plaintiff's costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

6. Ordering Defendant to refrain from making any complaints of infringement of the '140 Patent with e-commerce vendors, and immediately revoke any such complaint that has been so made.

7. Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the '140 Patent against Plaintiff's reseller and Plaintiff's vacuum tumbler.

8. Ordering Defendant to return to the Court with proof of compliance of this

Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

9. Ordering e-commerce vendors, including but not limited to Amazon, Tiktok, and Temu, not to remove product listings of Plaintiff's vacuum tumbler in response to any complaint from Defendant and/or based on the '140 Patent, and restore any listing that has been so removed.

10. Awarding damages to Plaintiff from Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

11. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

12. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages.

13. Awarding pre- and post- judgment interest.

14. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

**Jury Trial Demand**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: August 1, 2024                    Respectfully submitted,

/s/ Stephen J. Rosenfeld
Stephen J. Rosenfeld (ARDC # 6216769)
Margaret C. Redshaw (ARDC #6327480)
McDonald Hopkins LLC
300 N. LaSalle Street, Suite 1400
Chicago, IL 60654
Phone: (312) 208-0111
Email: srosenfeld@mcdonaldhopkins.com
mredshaw@mcdonaldhopkins.com

Mandy Song (VA #83340)
Courtney Casp (*PHV application forthcoming*)
Bayes PLLC
8260 Greensboro Drive, Suite 625
McLean, VA 22102
Phone: (703) 995-9887
Email: mandy.song@bayes.law
       courtney.casp@bayes.law